IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00798-WJM-NRN

COCORILLA, LTD., a Delaware Corporation,
COCORILLA (THAILAND) CO., LTD., a Thailand Corporation,
COCORILLA INC., a Canadian Federal Corporation, and
ENIS KOÇ a/k/a Enis Ellison, a Turkish and Canadian Citizen,

Plaintiffs,

v.

TORIN KLINE, an individual,
PHILLIP ALLEN, an individual,
STRATEGIC CAPITAL PARTNERS LTD., a Colorado Limited Liability Company,
OCCTIMACARE HOLDINGS, INC., a Colorado Corporation, and
ROES and DOES 1-X,

Defendants.

**RECOMMENDATION FOR ADMINISTRATIVE CLOSURE
OF CASE PURSUANT TO D.C.COLO.LCivR 41.2**

**Entered by Magistrate Judge N. Reid Neureiter**

This matter is before the Court on the Parties' Joint Motion for Extension of Time (Dkt. #53), referred to me by Judge William J. Martinez (Dkt. #54). The Court held a Status Conference on March 19, 2019, to discuss the joint motion and the parties' request that all deadlines be extended due to the current unavailability of the principal Defendant in this case, Mr. Torin Kline.

According to counsel, the parties in this case are also involved in a lawsuit in the Kingdom of Thailand, where Mr. Kline is currently located, and Mr. Kline "has been ordered to surrender his passport to the court in Thailand to guarantee his appearance

1

in the matter, thereby restricting his ability to travel and leave the Kingdom of Thailand."
(Dkt. #53 ¶ 2.) In their motion, the parties also advised that Plaintiff Enis Koc "and
additional persons needed for deposition and testimony" in this case "are presently in
Thailand for the purpose of giving testimony in the court matter that involves the
principal Defendant Kline," and the "status of Plaintiff Enis Koc's passport and any travel
restrictions as to him are unknown at this time." (*Id.* ¶¶ 3-4.) At the status conference,
counsel advised there is no immediate prospect that Mr. Kline will get his passport back
anytime soon, and therefore requested a multi-month extension of all deadlines in the
case.

Being disinclined to grant indefinite extensions of time, the Court discussed other procedural options with counsel, including administrative closure pursuant to D.C.COLO.LCivR 41.2, which provides:

> A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action adminsitratively subject to reopening for good cause. Administrative closure of a civil action terminated any pending motion. Reopening of a civil action does not reinstate any motion.

D.C.COLO.LCivR 41.2.

This Court routinely administratively closes cases pursuant to D.C.COLO.LCivR 41.2 when a case would otherwise be stayed for an indefinite period of time. *See*, *e.g.*, *Mauchlin v. Zhon*, No. 12-cv-01449-RM-BNB, 2015 WL 479042, at *1 (D. Colo. Feb. 3, 2015) (administratively closing case "subject to reopening for good cause subsequent to Plaintiff's vision problems being addressed"); *San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (administratively closing case "to be reopened only if the U.S. District Court for the

District of Puerto Rico refers a related enforcement matter to this Court"); *Workalemahu v. Heritage Club*, No. 14-cv-02396-RM-MEH, 2015 WL 293261, at *1 (D. Colo. Jan. 21, 2015) (administratively closing case pending arbitration).

The Tenth Circuit has construed an administrative closure to be "the practical equivalent of a stay." *Quinn*, 828 F.2d at 1465 n.2 (10th Cir.1987). In *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389 (1st Cir. 1999), the First Circuit explained the nature of administrative closure as follows:

> Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication. The method is used in various districts throughout the nation in order to shelve pending, but dormant, cases.

*Id.* at 392 (internal citations and quotation marks omitted). The First Circuit further explained that "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository [and] . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality." *Id.*

In this case, the Court finds that administrative closure is appropriate because it is unclear how long it will be before Mr. Kline's passport is returned to him so that he can travel to the United States to attend his deposition. At the status conference, counsel for all parties consented to an administrative closure of this case pursuant to D.C.COLO.LCivR 41.2.

WHEREFORE, it is hereby RECOMMENDED that this case be administratively

closed pursuant to D.C.COLO.LCivR 41.2, subject to reopening.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: March 19, 2019

BY THE COURT

_N. Reid Neureiter_

N. REID NEUREITER
UNITED STATES MAGISTRATE JUDGE